**MARKS DIPALERMO WILSON PLLC**
Adam N. Love, Esq.
 Madison Avenue, 16th Floor
New York, New York 10022
212-370-4477
*Attorneys for Plaintiff, WC Management Mgmt., Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **WINE COUNTRY MANAGEMENT, INC.,**<br><br>       Plaintiff,<br><br>   vs.<br><br>**FILIBUSTER DISTILLERY, LLC,**<br><br>       Defendant. | DOCKET NO.<br><br>**COMPLAINT** |

Plaintiff, WINE COUNTRY MANAGEMENT, INC. ("WCM" or "Plaintiff"), by and through counsel, MarksDiPalermo PLLC, state the following as and for their Complaint against Defendant FILIBUSTER DISTILLERY, LLC, ("Defendant"):

**PARTIES**

1.      At all times hereinafter mentioned, Plaintiff, WINE COUNTRY MANAGEMENT, INC. (hereinafter "Wine Country" or "Plaintiff") was and still is a corporation duly incorporated under the laws of the State of New Jersey with principal offices located at 635 Brighton Road, Clifton, New Jersey 07012

2.      At all times hereinafter mentioned, upon information and belief, Defendant FILIBUSTER DISTILLERY LLC (hereinafter "Filibuster" or "Defendant"), was and still is a Virginia limited liability company duly incorporated under the laws of the State of Virginia with principal offices located at 80 Maurertown Mill Rd, Maurertown, Virginia 22644.

COMPLAINT - 1

3. At all times hereinafter mentioned, upon information and belief, Defendant conducted business in the State of New Jersey.

4. At all times hereafter mentioned, upon information and belief, Defendant regularly and, in its ordinary course of business, shipped goods and products, via interstate commerce, in and out of New Jersey.

## VENUE AND JURISDICTION

5. This Court has jurisdiction over this action pursuant to §1332 given that: there is complete diversity between the parties.

6. This Court has supplemental jurisdiction over the Plaintiffs' related claims arising under state and local law pursuant to 28 U.S.C. §1367(a).

7. Upon information and belief, this Court has personal jurisdiction over Defendant by virtue of its business activities within the State of New Jersey and this District, and by its commission of actions described herein within this District and the State of New Jersey, and by its transaction of business within the State of New Jersey and this District.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events set forth in Plaintiff's allegations occurred in this judicial district.

## JURY DEMAND

9. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## FACTUAL ALLEGATIONS

10. On or about April 27, 2022, Plaintiff and Defendant entered into an agreement regarding the packaging and sale of bourbon and vodka to Plaintiff (the "Agreement"). A copy of the Agreement is annexed hereto as <u>Exhibit A</u>.

11. Pursuant to the Agreement, Defendant was contractually required to package and deliver to Plaintiff bourbon in accordance with the following bourbon blend recipe: "Mash bill 70% Corn 20% Rye 5% Wheat 5% Barley, distilled in VA, age 2,3 years".

12. Pursuant to the Agreement, the bottling of vodka had to include the following phases: "apply cork to bottle; apply neck strap to bottle and then run thru heat machine for shrinkage; load vodka into shipper boxes and seal".

13. Plaintiff further ordered and prepaid for delivery a total of Six Hundred Forty (640) cases of bourbon (collectively the "Bourbon").

14. However, on May 31, 2022, Defendant only delivered Three Hundred Two (302) cases of Bourbon, less than half of the amount of cases Plaintiff ordered and prepaid for.

15. Plaintiff also ordered and prepaid for delivery of cases of Vodka, of which Defendant only delivered Five Hundred Eighty-Six (586) cases (collectively the "Vodka").

16. The Vodka bottles turned out to be improperly packaged, and the tops improperly sealed, which resulted in bottle tops shooting out of bottles.

17. When Plaintiff messaged Defendant asking for a reason as to why Three Hundred Thirty-Eight (338) cases of Bourbon were missing, despite being prepaid for, Defendant claimed that an employee made a mistake counting.

18. However, it later became obvious to Plaintiff that the real reason why the cases of Bourbon were missing was because Defendant improperly distilled the bourbon and used the wrong filter for clarifying the product.

19. That being said, the 302 cases of Bourbon that were delivered to the Plaintiff were deemed defective to the point that the Bourbon could not be resold to the Plaintiff's distributors.

20. Plaintiff further informed Defendant of the defective Bourbon via text messages exchanged by the parties between July 23, 2022, and August 1, 2022.

21. Specifically, Plaintiff notified Defendant that the Bourbon had sediment and other floating particles in it, which was a result of clarifying the product with the wrong filter.

22. Plaintiff also informed Defendant that the Vodka bottles were not properly packaged, and the tops were not properly sealed, which resulted in bottle tops shooting out of bottles.

23. Plaintiff went a step further and provided Defendant with multiple samples of the defective Bourbon showing that sediment was floating inside the bottle.

24. The sediment causes the products un-sellable.

25. Any party that purchased a bottle of the defective Bourbon containing the sediment would instantly return the product, seeking full refund.

26. The product and distribution significantly harmed the reputation of Plaintiff.

27. Despite Plaintiff's efforts to amicably resolve this matter with Defendant and receive reimbursement for the losses sustained as a result of its actions, it has failed to do so.

28. Plaintiff has advised Defendant that the original Six Hundred Forty (640) cases of Bourbon needed to be filled and completed, as Plaintiff had numerous backorders from accounts and distributors.

29. In response to Plaintiff's request, Defendant suggested bottling a blended bourbon, whose formula was denied by the Alcohol and Tobacco Tax and Trade Bureau.

30. Due to an anticipatory breach of the Agreement, Plaintiff was forced to find an alternate distiller/bottler and ship glass and labels from the Defendant's warehouse to the new company, which added cost to Plaintiff of approximately Three Thousand Four Hundred and 00/100 Dollars ($3,400.00) in shipping that it should not have to bear.

31. Furthermore, when Plaintiff attempted to resolve the dispute relating to the improperly sealed vodka bottles, Defendant offered Plaintiff to make another delivery of vodka.

32. On or around May 24, 2023, Plaintiff and Defendant agreed that Defendant would deliver to Plaintiff One Thousand Sixty-Seven (1067) bottles of Vodka.

33. Plaintiff paid Defendant in full for the Vodka.

34. In or around June 2023, Defendant received the delivery of only One Thousand Fifty-Five (1,055) bottles out of the One Thousand Sixty-Seven (1,067) that were contractually agreed to be delivered.

35. Upon inspecting the cases of Vodka, Plaintiff noticed numerous defects, specifically that the tops were not pushed down all the way before they were shrink-wrapped; and the bottles were not shrink-wrapped at all.

36. In addition the incorrect labels were placed on bottles.

37. Bottles were broken and defective.

38. Plaintiff communicated the existence of these defects to Defendant in an attempt to remedy this situation and receive a refund, however, Defendant refused to cooperate and issue a refund.

39. Accordingly, due to Defendant's breach of the Agreement, in particular, by delivering defective goods in breach of the implied warranty of merchantability and fitness for a particular purpose, as well as an express warranty that the goods delivered would be of a certain quality in conformance with the Plaintiff's expectations, Defendant is liable to Plaintiff for damages in the amount of at least One Hundred and Fifty Five Thousand Dollars ($155,000.00).

## AS AND FOR A FIRST CAUSE OF ACTION
**(Breach of Implied Warranty of Merchantability)**

40. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "40", inclusive, as if fully set forth at length herein.

41. At all times relevant to this action, Defendant manufactured, distributed, and shipped its Bourbon and Vodka for use throughout the United States, including, to the State of New Jersey.

42. Defendant knew of the intended use of the Bourbon and Vodka at the time Defendant manufactured, distributed, and shipped its product for use by Plaintiff, and impliedly warranted the product to be of merchantable quality and safe and fit for its intended use.

43. Defendant impliedly represented and warranted to Plaintiff, that the products were safe and of merchantable quality and fit for the ordinary purpose for which the product was intended and promoted to be used.

44. Defendant's representations and implied warranties were false, misleading, and inaccurate because its products were defective, and not of merchantable quality.

45. Defendant breached its implied warranty because its product were not merchantable nor reasonably suited for the ordinary purpose for which they were being used.

46. As a result, Defendant breached UCC § 2-314.

COMPLAINT - 6

47. Plaintiff paid Defendant for the bourbon and spent additional funds to ship glass and labels from Defendant's warehouse to a different supplier when it realized that Defendant will not remedy its breach and supply a product of satisfactory quality.

48. Plaintiff has been forced to refund all sales, lost relationships with retailers and wholesale and distributors.

49. As a direct and proximate result of the wrongful acts and omissions of Defendant, Plaintiff has suffered economic damages.

50. Therefore, the Defendant is liable and indebted to the Plaintiff for an amount no less than One Hundred and Fifty Five Thousand Dollars ($155,000.00), plus compensatory, consequential, and incidental damages, together with attorneys' fees, costs and disbursements of this action, and for such further relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Breach of Implied Warranty of Fitness)**

51. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "50", inclusive, as if fully set forth at length herein.

52. Plaintiff purchased Six Hundred Forty (640) cases of good quality Bourbon at an agreed upon recipe, and One Thousand Sixty-Seven (1067) bottles of well-packaged and shrink-wrapped bottles of Vodka for a particular purpose.

53. The Bourbon and the Vodka are not fit for the nature of its particular purpose; specifically, the Bourbon's recipe was defective and rendered the Bourbon undrinkable and the Vodka was not packaged correctly.

54. Defendant breached its Implied Warranty of Fitness for a Particular Purpose in as much as the cases of Bourbon and the bottles of Vodka are not suitable for its particular purposes, i.e., drinking.

55. As a result, the Defendant is liable to the Plaintiff for Breach of Implied Warranty of Fitness for a Particular Purpose, in an amount no less than One Hundred and Fifty Five Thousand Dollars ($155,000.00), plus compensatory, consequential and incidental damages, together with attorneys' fees, costs and disbursements of this action, and for such further relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Breach of Express Warranty)**

56. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "55", inclusive, as if fully set forth at length herein.

57. Plaintiff purchased Six Hundred Forty (640) cases of good quality Bourbon at an agreed upon recipe, and One Thousand Sixty-Seven (1,067) bottles of well-packaged and shrink-wrapped bottles of Vodka for a particular purpose.

58. The Agreement contained an express warranty that the goods delivered would be of a certain quality and Plaintiff relied upon same.

59. Plaintiff ordered and paid for the delivery of Six Hundred Forty (640) cases of Bourbon, and Defendant delivered only Three Hundred Two (302) cases of Bourbon.

60. The Three Hundred Two (302) cases of Bourbon that were delivered consisted of defective products.

61. Furthermore, the bottles of Vodka were not delivered in full, and were not shrink-wrapped in breach of the Agreement.

COMPLAINT - 8

62. Defendant breached its Warranty with the Plaintiff by failing to deliver the cases of Bourbon and the Vodka bottles in full, and by failing to provide a product without defects.

63. Plaintiff paid Defendant for the Bourbon and spent an additional monies ship glass and labels from Defendant's warehouse to a different supplier when it realized that Defendant will not remedy its breach and supply a product of satisfactory quality.

64. Therefore, the Defendant is liable and indebted to the Plaintiff for an amount no less than One Hundred and Fifty Five Thousand Dollars ($155,000.00), plus compensatory, consequential, and incidental damages, together with attorneys' fees, costs and disbursements of this action, and for such further relief as this Court deems just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Negligence)

65. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "64", inclusive, as if fully set forth at length herein.

66. Defendant had a duty to exercise reasonable care in the production, distribution, and shipping of the cases of Bourbon and Vodka bottles, including the duty to take all reasonable steps necessary to manufacture and sell a product that was not defective and unreasonably dangerous to consumers and users of the product.

67. Defendant knew or should have known that the Bourbon was unsafe and undrinkable when used as manufactured and failed to exercise due diligence and care.

68. Defendant was otherwise negligent in the design, manufacture and marketing of this product, including the failure to adequately test the product and the failure to follow the appropriate recipe.

69. Defendant continued to manufacture and market its product despite the knowledge whether direct or ascertained with reasonable care, that the product was unsafe and undrinkable.

70. Plaintiff ordered and paid for the delivery of Six Hundred Forty (640) cases of Bourbon, and Defendant delivered only Three Hundred Two (302) cases of Bourbon.

71. The Three Hundred Two (302) cases of Bourbon that were delivered consisted of defective products.

72. Furthermore, the bottles of Vodka were not delivered in full, and were not shrink-wrapped in breach of the Agreement.

73. Plaintiff paid Defendant for the Bourbon One Hundred and Fifty Five Thousand Dollars ($155,000.00) and spent an additional funds to ship glass and labels from Defendant's warehouse to a different supplier when it realized that Defendant will not remedy its breach and supply a product of satisfactory quality.

74. As a direct and proximate result of the wrongful acts and omissions of Defendant, Plaintiff has suffered economic damages.

75. Therefore, the Defendant is liable and indebted to the Plaintiff for an amount no less than One Hundred and Fifty Five Thousand Dollars ($155,000.00), plus compensatory, consequential, and incidental damages, together with attorneys' fees, costs and disbursements of this action, and for such further relief as this Court deems just and proper.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

76. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "75" as if fully set forth at length herein.

77. Defendant contracted with Plaintiff to provide Six Hundred Forty (640) cases of Bourbon prepared in accordance with an agreed upon recipe and in conformance with the standards in the industry.

78. Defendant further contracted with Plaintiff to provide One Thousand Sixty-Seven (1,067) cases of Vodka that would be properly packaged in conformance with the standards in the industry.

79. The contract contained implied warranties of merchantability and fitness for a particular purpose, as well as an express warranty that the goods delivered would be of a certain quality.

80. Plaintiff ordered and paid for the delivery of Six Hundred Forty (640) cases of Bourbon, and Defendant only delivered Three Hundred Two (302) cases of Bourbon.

81. The Three Hundred Two (302) cases of Bourbon that were delivered consisted of defective products.

82. Furthermore, the vodka bottles were not delivered in full, and were not shrink-wrapped in breach of the Agreement.

83. Plaintiff paid Defendant for the bourbon and spent additional funds to ship glass and labels from Defendant's warehouse to a different supplier when it realized that Defendant will not remedy its breach and supply a product of satisfactory quality.

84. Further, Plaintiff paid Defendant for the vodka.

85. Plaintiff performed its obligations pursuant to the terms of its Agreement with Defendant.

86. Despite due demand, Defendant has failed to replace the defective product and reimburse Plaintiff for the expenses it incurred when it had to find an alternative supplier of bourbon and replace the product at its own cost.

87. Replacement of the defective bourbon and reimbursement for the expenses incurred by Plaintiff have been demanded from Defendant and which replacement and payment have not been made.

88. Defendant also failed to reimburse Plaintiff for defective vodka bottles.

89. Based upon the foregoing, the Defendant has breached its Agreement with the Plaintiff.

90. Therefore, the Defendant is liable and indebted to the Plaintiff for an amount no less than One Hundred and Fifty Five Thousand Dollars ($155,000.00), plus compensatory, consequential, and incidental damages, together with attorneys' fees, costs and disbursements of this action, and for such further relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION
**(Unjust Enrichment)**

91. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "90", inclusive, as if fully set forth at length herein.

92. Defendant received the payment from Plaintiff for Six Hundred Forty (640) cases of good quality bourbon and provided Plaintiff with Three Hundred Two (302) cases of defective product instead.

93. Defendant received payment from Plaintiff for One Thousand Sixty-Seven (1,067) bottles of well-packaged and shrink-wrapped bottles of vodka, and instead delivered One Thousand Fifty-Five (1,055) bottles of defectively packaged vodka. Defendant accepted the

payment from Plaintiff for a defective product and knowingly delivered the defective bourbon and defectively packaged vodka bottles to Plaintiff.

94. Upon information and belief, Defendant has used Plaintiff's payment which it did not rightfully obtain for its own benefit.

95. By virtue of the aforesaid, Defendant has been unjustly enriched by the sum of One Hundred and Fifty Five Thousand Dollars ($155,000.00), plus costs and attorneys' fees.

96. Therefore, Defendant is liable and indebted to Plaintiff for an amount no less than One Hundred and Fifty Five Thousand Dollars ($155,000.00), plus compensatory, consequential and incidental damages, together with attorneys' fees, costs and disbursements of this action, and for such further relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff, demands judgment against Defendants, as follows:

a. Compensatory damages for Defendant's Breach of Implied Warranty of Merchantability, Breach of Implied Warranty of Fitness, Breach of Express Warranty, Negligence, unjust enrichment, and breach of contract, according to proof at trial, including, but not limited to, lost profits, disgorgement of all profits and revenues received by Defendant, and- to the extent calculable- damages for reputational damage, lost customers, lost relationships, lost revenue, loss of goodwill and all other available damages, in an amount of no less than One Hundred Fifty Five Thousand Dollars ($155,000.00);

b. Punitive and exemplary damages in an amount to be determined at tial in this case;

c. Pre-judgement and post-judgement interest;

d. Equitable relief in the form of imposition of an injunction, constructive trust, accounting, and a disgorgement of profits and other benefits received by reason of the unlawful conduct complained of herein;

e. Ordering defendants to pay for all costs of the suit, including, but not limited to attorneys' fees; and

f. Such other and further relief as this Court deems just, equitable, and proper.

DATED:   Scotch Plains, New Jersey
         June 9, 2024

MARKS DIPALERMO WILSON PLLC

_____
Adam N. Love, Esq.
485 Madison Avenue, 16th Floor
New York, NY 10022
Tel: (212) 370-4477

To:

FILIBUSTER DISTILLERY, LLC
80 Maurertown Mill Rd
Maurertown, VA 22644